# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                        Plaintiff,<br><br>v.<br><br>Mark Culbertson,<br><br>                        Defendant. | No. CR-18-50232-01-PHX-DLR<br><br><br>**ORDER OF DETENTION** |

A Motion Hearing regarding Release from Detention [Doc. 14] was held on October 28, 2019.  The Court considered the information provided to the Court, and the arguments of counsel in determining whether Defendant should be released on conditions set by the Court. The Court has reviewed several letters submitted by friends of Defendant who attest his good character and work ethic. Defendant had two family members present in Court on his behalf.

The Court finds that the Defendant has failed to sustain his burden of proof by clear and convincing evidence pursuant to Rule 32.1(a)(6), FED.R.CRIM.P., that he is not a danger to the community.  *United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994).

The following facts are undisputed. Defendant agreed to allow Susan Barksdale to stay at his home beginning September 8, 2019.  Susan Barksdale and Blane Barksdale arrived at Defendant's house on September 8, 2019 and stayed until they were arrested on September 11, 2019. The Barksdale's were fugitives of murder charges and the subjects of an active multi-state manhunt. Defendant knew that Blane Barksdale was a felon and that housing him was a violation of his supervised release terms. (Defendant has admitted that violation and is pending disposition on November 18, 2019.) Defendant went to work as

usual for the days following September 8, 2019. Defendant completed four years and nine months of his five-year term of supervised release before his arrest in this matter. Defendant has not been charged with any offenses based upon his conduct in this matter.

Defendant, through counsel, asserts that he did not know Blane Barksdale would be joining Susan Barksdale at his home. Defendant asserts he was not comfortable with Blane Barksdale staying at his home and ordered them to leave the home by September 12, 2019. Defendant asserts he would have reported this violation to his probation officer after the Barksdale's left his home.

The Court is not convinced by clear and convincing evidence that Defendant had no knowledge the Barksdale's were murder fugitives. The media coverage of the Barksdale's manhunt was substantial, especially in Arizona. Defendant went to work on a daily basis but asserts he had no knowledge from other individuals, from the news, or from the Barksdale's that they were fugitives. The Court finds this assertion questionable. The Court is not convinced by clear and convincing evidence that Defendant had no knowledge of the Barksdale's fugitive status. Undoubtedly, the harboring of these fugitives created a significant danger to the community and hampered substantial law-enforcement efforts to capture the Barksdale's. Defendant has the burden to establish he is not a danger to the community and he has failed to satisfy that burden.

IT IS ORDERED that the Defendant shall be detained pending further order of the court.

Dated this 29th day of October, 2019.

Honorable John Z. Boyle
United States Magistrate Judge